**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 11-cv-00454-REB

MARK LEE WILKINSON,

    Applicant,

v.

RAE TIMME, Warden at Fremont Correctional, and
JOHN SUTHERS, Attorney General of the State of Colorado,

    Respondents.

## ORDER

**Blackburn, J.**

    This matter is before me on the Motion to Amend or Correct, Pursuant to Fed. R. Civ. P. 52(b) [#20][1] filed August 29, 2011, and the Motion for Leave to Amend Application for a Writ of Habeas Corpus [#26] filed October 11, 2011, both of which were filed *pro se* by Applicant Mark Lee Wilkinson. In the Motion to Amend or Correct, Pursuant to Fed. R. Civ. P. 52(b), Mr. Wilkinson asks me to reconsider my determination in the Order to Dismiss in Part [#19] I entered August 2, 2011, that certain claims in this habeas corpus action are unexhausted and procedurally barred. In the Motion for Leave to Amend Application for a Writ of Habeas Corpus, Mr. Wilkinson seeks leave to amend the habeas corpus application to assert two additional claims for relief, and he has tendered to the Court a Second Amended Application for Writ of

---

[1] "[#20] is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

Habeas Corpus [#26-1 through #26-5]. On November 3, 2011, Respondents filed a Response to Applicant's October 2011 Motion to Amend [#32]. On December 6, 2011, Mr. Wilkinson filed a Reply to Respondents' Response of November 3rd, 2011 [#35].

I must and do construe the motions and other papers filed by Mr. Wilkinson liberally because he is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, I should not be an advocate for a *pro se* litigant. **See Hall**, 935 F.2d at 1110.

## I. MOTION TO RECONSIDER

First, I consider the motion to reconsider. I note initially that, although Mr. Wilkinson asserts the motion to reconsider is brought pursuant to Rule 52(b) of the Federal Rules of Civil Procedure, that rule is not applicable. Rule 52(b) allows a party to ask a court to amend findings within twenty-eight days after entry of judgment. No judgment has been entered in this action, and my Order to Dismiss in Part is not a final order. Therefore, I construe the motion to reconsider liberally as "an interlocutory motion invoking [my] general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment." **Wagoner v. Wagoner**, 938 F.2d 1120, 1122 n.1 (10th Cir. 1991).

In his habeas corpus application filed on February 23, 2011, Mr. Wilkinson asserted seven claims for relief, including an ineffective assistance of counsel claim with multiple subparts. Respondents filed a Pre-Answer Response [#9] arguing that this action is untimely and that a number of Mr. Wilkinson's claims are unexhausted and procedurally barred. Mr. Wilkinson filed a reply [#10] to the Pre-Answer Response

opposing these arguments.  In my Order to Dismiss in Part, I determined that the application is timely and that claims 2(d), 2(e), 5, and 7 are exhausted.  I dismissed claims 1, 2(a) - (c) & (f) - (n), 3, 4, and 6 as unexhausted and procedurally barred.  I determined specifically that claims 1 and 2(a) - (c) & (f) - (n) were not fairly presented to the Colorado Court of Appeals because those claims were raised only "in a supplemental motion for postconviction relief that was attached as an appendix to [Mr. Wilkinson's] opening brief on appeal."  ([#19] at 12.)  I determined that claims 3, 4, and 6 were not fairly presented to the Colorado Court of Appeals because they were not raised as federal constitutional claims.

With respect to the unexhausted ineffective assistance of counsel issues raised in claims 1 and 2(a) - (c) & (f) - (n) that Mr. Wilkinson contends were included in the supplemental motion attached as an appendix to his opening brief on appeal, I noted that Mr. Wilkinson had not explicitly incorporated the unexhausted ineffective assistance of counsel issues in his opening brief and had merely referenced the supplemental motion in a footnote in his opening brief as follows:  "Every one of the IAC allegations in the motion and supplement regarding [counsel] were proven at the hearing.  For lack of space, this brief will not detail each and every one.  The Supplement to the motion is attached as Appendix A."  ([#9-10] at 23, n.1.)  I provided the following reasoning for rejecting Mr. Wilkinson's argument that his ineffective assistance of counsel issues had been fairly presented to the Colorado appellate courts:

> I do not agree that a footnote in an appellate brief referencing or implicitly incorporating a supplemental motion filed in the trial court, even when the referenced motion is attached as an appendix to the opening brief, satisfies the fair presentation requirement.  Under the Colorado Appellate

3

> Rules, an opening brief must set forth "the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes, and parts of the record relied on." C.A.R. 28(a)(4). As a result, "[a] party's incorporation by reference of prior pleadings is improper because it shifts to the appellate court 'the task of locating and synthesizing the relevant facts and arguments.'" ***Fisher v. Cmty. Banks of Colo., Inc.***, – P.3d –, 2010 WL 3432205 at *6 (Colo. App. Sept. 2, 2010) (quoting ***Castillo v. Koppes-Conway***, 148 P.3d 289, 291 (Colo. App. 2006)); *see also* ***People v. Wallin***, 167 P.3d 183, 187 (Colo. App. 2007) (declining to address issues presented "in a perfunctory or conclusory manner"). Therefore, I find that the ineffective assistance of counsel issues raised in the attached supplemental motion are not exhausted.

([#19] at 13-14.)

In the motion to reconsider Mr. Wilkinson maintains that all of his ineffective assistance of counsel issues were fairly presented to the Colorado appellate courts in the supplemental motion he attached as an appendix to his opening brief. He argues specifically that C.A.R. 28(a)(4) allows an appellant to rely on parts of the record. He attempts to distinguish his case from the Colorado cases I cited in the Order to Dismiss in Part. H e relies on three decisions of the United States Court of Appeals for the Ninth Circuit, *see* ***Greenway v. Schriro***, 653 F.3d 790 (9th Cir. 2011) (considering exhaustion in context of Arizona state law); ***Scott v. Schriro***, 567 F.3d 573 (9th Cir. 2009) (same); ***Insyxiengmay v. Morgan***, 403 F.3d 657, 665 (9th Cir. 2005) (considering exhaustion in context of Washington state law).

On consideration of the motion to reconsider and the entire file, I remain convinced that Mr. Wilkinson did not fairly present his ineffective assistance of counsel issues in claims 1 and 2(a) - (c) & (f) - (n) to the Colorado appellate courts. First, the

Ninth Circuit cases he cites are not binding precedent and, in any event, those cases are distinguishable because they did not address exhaustion of state remedies in the context of the Colorado Appellate Rules.  Under the applicable Colorado Appellate Rule, incorporation by reference is improper because "it attempts to shift – from the litigants to the appellate court – the task of locating and synthesizing the relevant facts and arguments . . . [and] [i]t also makes a mockery of the rules that govern the length of briefs."  *Castillo*, 148 P.3d at 291 (discussing C.A.R. 28) (internal quotation marks omitted).  The fact that C.A.R. 28(a)(4) requires an appellant to cite the portions of the record on which he relies does not permit incorporation of claims presented in other documents without any substantive discussion of those claims.

Mr. Wilkinson's attempt to distinguish *Castillo* because that case involved incorporation of more than two hundred pages of pleadings as opposed to the thirteen-page brief Mr. Wilkinson implicitly incorporated does not address the underlying premise that incorporation by reference is improper.  The same is true for his attempt to distinguish *Fisher*, 2020 WL 3432205 at *6, another Colorado case I cited in my Order to Dismiss in Part that involved incorporation of more than 300 pages of briefs and exhibits.

In any event, even if incorporation by reference was permissible under the Colorado Appellate Rules, I still find that Mr. Wilkinson did not fairly present to the Colorado Court of Appeals the ineffective assistance of counsel issues raised in the supplemental motion that was attached as an appendix to his opening brief on appeal.  As noted above, Mr. Wilkinson implicitly incorporated those arguments in a footnote that

also stated the ineffective assistance of counsel claims were proven at a postconviction hearing. However, there is no discussion in the opening brief regarding how the evidence presented at that hearing proves the ineffective assistance of counsel claims that were raised only in the supplemental motion. There certainly is no reference to the evidence presented at the hearing in the supplemental motion Mr. Wilkinson attached as an appendix to his opening brief because the supplemental motion was filed in the trial court before the hearing was held. As a result, it is clear that, with respect to the ineffective assistance of counsel issues raised only in the supplemental motion attached to Mr. Wilkinson's opening brief, the opening brief did not set forth "the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes, and parts of the record relied on."  C.A.R. 28(a)(4).

With respect to claims 3, 4, and 6, Mr. Wilkinson argues in the motion to reconsider that I should reconsider my determination that those claims are procedurally barred in light of his argument that the ineffective assistance of counsel issues in claims 1 and 2(a) - (c) & (f) - (n) were fairly presented to the Colorado Court of Appeals and are exhausted. Because I have determined the ineffective assistance of counsel issues in claims 1 and 2(a) - (c) & (f) - (n) were not fairly presented to the Colorado Court of Appeals, his argument with respect to claims 3, 4, and 6 necessarily also fails.

## II. MOTION TO AMEND

I consider next the motion to amend. Mr. Wilkinson seeks leave to file a second amended application that asserts two new claims for relief.[2] He contends in claim 8 that

---

[2] Mr. Wilkinson tendered to the court a first amended habeas corpus application [#18] on July 22, 2011, raising claims 1 through 8, but he did not seek leave of court to file the first amended application.

6

his rights were violated when the trial court denied his motion for a new trial based on newly discovered evidence. He contends in claim 9 that his convictions on multiple counts violate double jeopardy. The motion to amend was filed on October 11, 2011, although Mr. Wilkinson filed his first motion to amend the application to add claim 8 on June 20, 2011. (*See* [#16].[3])

Respondents argue that the motion to amend should be denied because claims 8 and 9 do not relate back to any of Mr. Wilkinson's existing claims and, thus, are barred by the one-year limitation period in 28 U.S.C. § 2244(d)(2). Respondents note that I have determined already in the Order to Dismiss in Part that the one-year limitation period, which began to run when Mr. Wilkinson's conviction became final on January 12, 2004, was tolled until March 22, 2010, in accordance with § 2244(d)(2). As a result, I concluded in the Order to Dismiss in Part that Mr. Wilkinson's claims in the original application, which was filed on February 23, 2011, are timely. However, Respondents are correct that my determination regarding the timeliness of this action in the Order to Dismiss in Part relates only to the seven claims Mr. Wilkinson raised in the application filed on February 23, 2011. The filing of the instant action did not toll the one-year limitation period, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that pendency of a federal habeas corpus action does not toll the one-year limitation period pursuant to § 2244(d)(2)), and claims 8 and 9 were not presented until after the one-year limitation period had already expired on March 22, 2011. Therefore, Mr. Wilkinson has no absolute right to amend the application, and any analysis of whether he should

---

[3]That motion was denied without prejudice by minute order [#17], and Mr. Wilkinson was advised that he could not assert new claims in a piecemeal fashion.

be allowed to amend the application must take into consideration whether the new claims relate back to the timely claims.

An application for a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. The operative rule for determining whether a proposed amendment relates back to a prior pleading is Rule 15(c) of the Federal Rules of Civil Procedure. Rule 15(c) provides in relevant part that an amendment relates back when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). In the context of a habeas corpus proceeding subject to the one-year limitation period, it is not enough that the proposed amendments merely relate to the same trial, conviction, or sentence. **See Mayle v. Felix**, 545 U.S. 644, 656-64 (2005). In order to relate back, the timely claims and the proposed amendments must be "tied to a common core of operative facts." *Id*. at 664.

Mr. Wilkinson maintains that claim 8 relates back to claim 2(e) and that claim 9 relates back to claim 7. I agree with respect to claim 8 and disagree with respect to claim 9.

Mr. Wilkinson asserts in claim 2(e) that trial counsel was ineffective because counsel failed to endorse a defense expert to challenge the testimony of the prosecution's expert witness. The prosecution's expert was "called immediately after the victim testified to discuss her experience in family dynamics of sexual assault, interviews of sexual assault victims, and 'statement validity assessment' (SVA), which

was described as 'a protocol whereby the statements or allegations made by a child against an alleged offender are assessed and analyzed' in order to evaluate credibility." ([#9-13] at 12-13.) As noted above, Mr. Wilkinson asserts in claim 8 that his rights were violated when the trial court denied his motion for a new trial based on newly discovered evidence. The newly discovered evidence at the heart of claim 8 is an affidavit from the child victim in which he recanted his trial testimony accusing Mr. Wilkinson of sexual assault.

I find that Mr. Wilkinson's claim 8 and claim 2(e) are "tied to a common core of operative facts." **Mayle**, 545 U.S. at 664. The common core of operative facts is the reliability of the victim's trial testimony. Therefore, the motion to amend will be granted to the extent Mr. Wilkinson seeks to add claim 8.

The same is not true with respect to claim 9. Mr. Wilkinson asserts in claim 9 that his convictions on multiple counts violate double jeopardy. More specifically, Mr. Wilkinson contends that "Claim Nine presents the argument that the State Court violated Double Jeopardy by wrongfully ordering the sentences to run consecutively, thus in effect, enhancing the punishment for the crime." ([#35] at 7.) Mr. Wilkinson asserts in claim 7 that his sentences were aggravated illegally in violation of **Apprendi v. New Jersey**, 530 U.S. 466 (2000), and **Blakely v. Washington**, 542 U.S. 296 (2004). In **Apprendi**, the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." **Apprendi**, 530 U.S. at 490. In **Blakely**, the Supreme Court clarified "that the

'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." *Blakely*, 542 U.S. at 303 (Emphasis added)..

Although both claim 7 and claim 9 relate to the length of the sentences Mr. Wilkinson is serving, that is not enough, by itself, to justify relation back. *See Mayle*, 545 U.S. at 662. To reiterate, relation back is appropriate only if the timely claim and the proposed amendment are "tied to a common core of operative facts." *Id*. at 664. In this instance, I find that they are not. Claim 7 presents the question of whether the trial court exceeded the statutory maximum sentence permitted under state law by imposing sentences in the aggravated range, while claim 9 presents the factually distinct question of whether the sentences may be imposed consecutively rather than concurrently. These two questions do not share a common core of operative facts. As a result, the motion to amend will be denied with respect to claim 9.

**THEREFORE, IT IS ORDERED** as follows:

1. That the Motion to Amend or Correct, Pursuant to Fed. R. Civ. P. 52(b) [#20] is **DENIED**;

2. That the Motion for Leave to Amend Application for a Writ of Habeas Corpus [#26] is **GRANTED** to the extent Applicant seeks to amend the application to add claim 8 and **DENIED** to the extent Applicant seeks to amend the application to add claim 9;

3. That the clerk of the court shall file the Second Amended Application [#26-1 through #26-5] tendered to the Court on October 11, 2011;

4. That within thirty days Respondents are directed to file a supplement to their

Answer in compliance with Rule 5 of the Rules Governing Section 2254 Cases that fully addresses the merits of claim 8; and

     5.  That within thirty days of the filing of the supplement to the Answer that addresses claim 8, Applicant may file a reply.

     DATED at Denver, Colorado, February 13, 2012.

**BY THE COURT:**

/s/ Bob Blackburn
Robert E. Blackburn
United States District Judge