**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 11-cv-00454-REB

MARK LEE WILKINSON,

     Applicant,

v.

RAE TIMME, Warden at Fremont Correctional, and
JOHN SUTHERS, Attorney General of the State of Colorado,

     Respondents.

## ORDER

**Blackburn, J.**

     After review of the briefs filed in this action and the state court record, I find it necessary and appropriate to obtain additional briefing from the parties concerning the merits of Applicant's claim 7. Applicant contends in claim 7 that his sentence was aggravated illegally in violation of ***Apprendi v. New Jersey***, 530 U.S. 466 (2000), and ***Blakely v. Washington***, 542 U.S. 296 (2004). In support of claim 7, he contends specifically that his sixteen-year sentence for aggravated incest (count 12), his twenty-year sentence for sexual assault on a child by one in a position of trust as part of a pattern of sexual abuse (count 13), and his twenty-year sentence for sexual assault on a child as part of a pattern of abuse (count 14), violate ***Apprendi*** and ***Blakely*** because each of those offenses is a class three felony and the presumptive sentencing range for a class three felony under Colorado law is four to twelve years.

     Respondents argue that the sentences imposed on these particular counts do

not violate **Apprendi** and **Blakely**. In particular, Respondents maintain that the sexual assault offenses (counts 13 and 14) are **per se** crimes of violence under Colorado law, which they contend automatically increases the presumptive range without proof of any additional facts being required. Respondents maintain that Applicant's aggravated incest offense (count 12) is an extraordinary risk crime under Colorado law that automatically increases the presumptive range by four years without proof of any additional facts being required. Respondents' argument with respect to the aggravated incest count (count 12) is premised on their contention that the aggravated incest was committed before November 1, 1998. However, Applicant asserts, and the state court record confirms, that the jury made a specific finding that the aggravated incest charged in count 12 occurred after November 1, 1998. (**See** State Court R., v.2 at 49-51.)

Because it appears that the factual premise for at least part of Respondents' arguments regarding claim 7 is erroneous, Respondents will be directed to file a second supplement to their Answer that addresses whether Applicant's sentence with respect to count 12 can survive constitutional scrutiny. Although it does not appear that the date of the offense is integral to Respondents' argument with respect to counts 13 and 14, for which the jury also made specific findings that the offenses occurred after November 1, 1998, Respondents also are directed to address whether the offense date is relevant to their argument with respect to counts 13 and 14.

**THEREFORE, IT IS ORDERED** as follows:

1. That by May 4, 2012, Respondents are directed to file a second supplement to their Answer in compliance with Rule 5 of the Rules Governing Section 2254 Cases

that fully addresses the issues outlined in this order;

    2.  That within twenty-one days of the filing of the second supplement to the Answer that addresses the issues outlined in this order, Applicant may file a supplemental reply, if he desires.

    DATED at Denver, Colorado, April 13, 2012.

**BY THE COURT:**

*/s/ Bob Blackburn*
Robert E. Blackburn
United States District Judge