**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 11-cv-00454-REB

MARK LEE WILKINSON,

    Applicant,

v.

RAE TIMME, Warden at Fremont Correctional, and
JOHN SUTHERS, Attorney General of the State of Colorado,

    Respondents.

## ORDER

**Blackburn, J.**

This matter is before me on the "Motion to Reconsider the Order of August 2, 2011[,] in Light of Martinez v. Ryan, 566 U.S. ___ (2012)" [#44][1] and the "Motion for Leave to Amend Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" [#43], both of which were filed *pro se* by Applicant Mark Lee Wilkinson on April 23, 2012. In the motion to reconsider, Mr. Wilkinson asks me to reconsider my determination in the Order to Dismiss in Part [#19] entered August 2, 2011, that certain claims in this habeas corpus action are unexhausted and procedurally barred. In the motion to amend, Mr. Wilkinson seeks leave to file a third amended habeas corpus application that raises one additional claim for relief.[2] On April 27, 2012, Respondents filed a Response to Petitioner's April 23, 2012 Motions [#47], and on May 14, 2012, Mr. Wilkinson filed "Petitioner's Reply to Respondent[s'] Response to Petitioner's April 23, 2012 Motions" [#48].

---

[1] "[#44] is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

[2] He has tendered a Third Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [#43-1 through #43-2].

I must construe the motions and other papers filed by Mr. Wilkinson liberally because he is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, I should not be an advocate for a **pro se** litigant. **See Hall**, 935 F.2d at 1110.

## I. MOTION TO RECONSIDER

I first consider the motion to reconsider. I construe the motion to reconsider liberally as "an interlocutory motion invoking [my] general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment." **Wagoner v. Wagoner**, 938 F.2d 1120, 1122 n.1 (10th Cir. 1991).

In his habeas corpus application filed on February 23, 2011, Mr. Wilkinson asserted seven claims for relief, including an ineffective assistance of counsel claim with multiple subparts. Respondents filed a Pre-Answer Response [#9] arguing that this action is untimely and that a number of Mr. Wilkinson's claims are unexhausted and procedurally barred. Mr. Wilkinson filed a reply [#10] to the Pre-Answer Response opposing these arguments. In my Order to Dismiss in Part, I determined that the application is timely and that claims 2(d), 2(e), 5, and 7 are exhausted. I dismissed claims 1, 2(a) - (c) & (f) - (n), 3, 4, and 6 as unexhausted and procedurally barred. I specifically determined that claims 1 and 2(a) - (c) & (f) - (n) were not fairly presented to the Colorado Court of Appeals because they were raised only "in a supplemental motion for postconviction relief that was attached as an appendix to [Mr. Wilkinson's] opening brief on appeal." ([#19] at 12.) I determined that claims 3, 4, and 6 were not fairly presented to the Colorado Court of Appeals because they were not raised as federal constitutional claims. (**See** [#19] at 14-18.)

The instant motion to reconsider is Mr. Wilkinson's second motion seeking reconsideration of my order concluding that these claims are unexhausted and procedurally barred. On February 23, 2012, I entered an Order [#38] denying Mr. Wilkinson's first motion to

2

reconsider.

Mr. Wilkinson primarily argues in the pending motion to reconsider that I should reconsider my order dismissing claims 1, 2(a) - (c) & (f) - (n), 3, 4, and 6 as unexhausted and procedurally barred because the Supreme Court recently decided that ineffective assistance of postconviction counsel may constitute cause for a procedural default in certain circumstances. *See Martinez v. Ryan*, 132 S. Ct. 1309 (2012). Mr. Wilkinson also argues that he can demonstrate he is actually innocent based on the factual allegations in claim 8 in the second amended application and that he was not required to fairly present his claims to the Colorado appellate courts in order to exhaust those claims. However, he fails to provide any reasoned argument that links the factual allegations in his actual innocence claim to the claims I determined were unexhausted and procedurally barred and his argument that he can satisfy the exhaustion requirement without presenting his claims to the Colorado appellate courts lacks merit. *See Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). Therefore, only those issues in the motion to reconsider that relate to the Supreme Court's decision in *Martinez* require any discussion.

In *Martinez*, the Supreme Court held the following:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Id.* at 1320. Mr. Wilkinson argues that, pursuant to *Martinez*, the ineffective assistance of counsel claims I determined were procedurally barred, claims 1 and 2(a) - (c) & (f) - (n) in this action, should not be dismissed because he can establish cause for his procedural default of those claims based on ineffectiveness by postconviction counsel. Mr. Wilkinson specifically asserts that postconviction counsel was ineffective by failing to include those claims in the body

of her opening brief to the Colorado Court of Appeals in the state court postconviction proceedings.  Mr. Wilkinson also asserts that postconviction counsel was ineffective because she failed to obtain an affidavit from trial counsel prior to his death and failed to provide trial counsel's file to a legal expert. However, these allegations are not relevant to my determination that claims 1 and 2(a) - (c) & (f) - (n) are procedurally defaulted based on the failure to present them fairly to the Colorado Court of Appeals.

Respondents argue that the motion to reconsider should be denied because, among other reasons, the holding in *Martinez* does not apply to procedurally defaulted ineffective assistance of appellate counsel claims and, with respect to Mr. Wilkinson's ineffective assistance of trial counsel claims, the holding in *Martinez* does not extend to alleged ineffectiveness by postconviction appellate counsel.  I agree.

It is clear that *Martinez* relates only to the establishment of cause for defaulted ineffective assistance of trial counsel claims.  Therefore, the motion to reconsider must be denied to the extent Mr. Wilkinson seeks reconsideration of the dismissal of his ineffective assistance of appellate counsel claims (claims 2(k) through 2(n)) and his claims of trial court error (claims 3, 4, and 6).

With respect to all of Mr. Wilkinson's ineffective assistance of counsel claims, the Supreme Court held in a case prior to *Martinez* that an attorney's errors on appeal from an initial-review collateral proceeding do not qualify as cause for a procedural default.  **See Coleman v. Thompson**, 501 U.S. 722, 757 (1991).  In *Martinez*, the Supreme Court reaffirmed this holding in *Coleman*:

> The rule of *Coleman* governs in all but the limited circumstances recognized here.  The holding in this case does not concern attorney errors in other kinds of proceedings, *including appeals from initial-review collateral proceedings*, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts.  It does not extend to attorney errors in any proceeding beyond the first occasion the State

> allows a prisoner to raise a claim of ineffective assistance at trial, even though that initial-review collateral proceeding may be deficient for other reasons.

***Martinez***, 132 S. Ct. at 1320 (emphasis added, citation omitted).  Therefore, Mr. Wilkinson cannot demonstrate cause based on the alleged ineffectiveness of postconviction appellate counsel.

## II.  MOTION TO AMEND

I next consider the motion to amend.  Mr. Wilkinson seeks leave to file a third amended application that raises a tenth claim for relief.  In proposed claim 10, he contends that postconviction counsel was ineffective because she failed to obtain an affidavit from trial counsel prior to his death, failed to provide trial counsel's file to a legal expert, and failed to raise all of Mr. Wilkinson's ineffective assistance of counsel claims in the body of her opening brief on appeal to the Colorado Court of Appeals in the state court postconviction proceedings. Mr. Wilkinson maintains that he "is seeking to add this Claim Ten for the limited purpose of demonstrating cause to excuse a procedural default."  ([#43] at 3.)

The motion to amend will be denied for two reasons.  First, I already have determined that the allegations Mr. Wilkinson presents in proposed claim 10 are not sufficient to demonstrate cause for the procedural default of his ineffective assistance of trial counsel claims. Second, although ineffective assistance of postconviction counsel may establish cause for a procedural default under some circumstances, ***see Martinez***, 132 S. Ct. at 1320, it is clear that "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."  28 U.S.C. § 2254(i).

**THEREFORE, IT IS ORDERED** as follows:

1. That the "Motion to Reconsider the Order of August 2, 2011[,] in Light of Martinez v. Ryan, 566 U.S. ___ (2012)" [#44] is **DENIED**; and

2. That the "Motion for Leave to Amend Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" [#43] is **DENIED**.

Dated May 23, 2012, at Denver, Colorado

**BY THE COURT:**

Robert E. Blackburn
United States District Judge